UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABBIE L. GENAUTIS,

    Plaintiff,

vs.

PHILIP T. SOBASH,

    Defendant.

Case No. ___
Hon. ___

_____/

| | |
|---|---|
| Kyle James Bristow (P77200)<br>Farhat & Associates, PLLC<br>6053 Chase Rd.<br>Dearborn, MI 48126<br><br>*Attorney for Plaintiff* | James E. Stewart (P23254)<br>Derek R. Mullins (P81422)<br>Honigman Miller Schwartz and Cohn LLP<br>315 East Eisenhower Parkway<br>Suite 100<br>Ann Arbor, MI 48108-3330<br>(734) 418-4256<br><br>*Attorneys for Defendants* |

_____/

## NOTICE OF REMOVAL

Defendant Philip T. Sobash, by and through his attorneys, Honigman Miller Schwartz and Cohn LLP, and on the grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Circuit Court for Oakland County, Michigan, to the United States District Court for the

Eastern District of Michigan.  In support of his Notice of Removal ("Notice"), Defendant states as follows:

## TIMELINESS OF REMOVAL

1. On April 25, 2017, Plaintiff Abbie L. Genautis ("Plaintiff") filed a Complaint and Jury Demand in the Circuit Court for the County of Oakland, Michigan, captioned *Abbie L. Genautis v. Philip T. Sobash*, Case No. 17-158439 (the "State Court Action").  A copy of the Complaint is attached as Exhibit A.

2. Defendant has not been properly served with a Summons or the Complaint in the State Court Action but became aware of the existence of the State Court Action and obtained a copy of the Complaint on April 30, 2017.

3. Defendants properly file this Notice prior to service of the Complaint. *See, e.g.*, *McKeen v. Continental Cas. Co.*, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010).  Removal is timely because it is being filed within 30 days after Defendant received, through service or otherwise, a copy of the Complaint.  *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR DIVERSITY JURISDICTION

5. Plaintiff is a citizen of the State of Michigan.

6. Defendant is a citizen of the State of South Carolina.

7. There is complete diversity under 28 U.S.C. § 1332(a)(1) as this action is between "citizens of different States."

8. Though Defendant denies that Plaintiff is entitled to any damages whatsoever, for purposes of removal, the amount-in-controversy requirement is satisfied because Plaintiff demands more than $75,000 exclusive of interests and costs. (Exhibit A, Complaint ¶¶ 31, 37, 45). Specifically, Plaintiff seeks damages "in an amount that exceeds twenty-five thousand dollars ($25,000.00)" on three counts from Defendant, resulting in a total amount in controversy at least in excess of $75,000.

## VENUE

10. The State Court Action was filed in the Circuit Court for Oakland County, Michigan, which is within the Eastern District of Michigan, Southern Division. 28 U.S.C. § 102(a)(1). Venue is therefore proper in this District and Division. 28 U.S.C. § 1446(a).

## ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11. As required by 28 U.S.C. § 1446(a), a copy of the Complaint, which constitutes the only pleading received by Defendant in the State Court Action, is attached to this Notice as Exhibit A.

12. Defendant has not appeared, filed any responsive pleading, or otherwise responded to Plaintiff's Complaint in the State Court Action.

13. Upon filing this Notice, Defendant will, pursuant to 28 U.S.C. § 1446(d), promptly file a copy of this Notice with the Clerk of the Wayne County Circuit Court and will promptly give written notice to Plaintiff of the filing of this Notice.

## CONCLUSION

15. By this Notice, Defendant does not waive, and expressly reserves, any and all objections or defenses it may have to this action, including, without limitation, as to jurisdiction and venue. Moreover, Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and pleas.

WHEREFORE, Defendant hereby gives notice of removal of Oakland County Circuit Court, Case No. 17-158439 to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully requests that all future proceedings be held in this Court.

                                        Respectfully submitted,

                                        HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Attorneys for Defendants*

                                        By: /s/ James E. Stewart
                                               James E. Stewart (P23254)
                                               Derek R. Mullins (P81422)
                                        315 East Eisenhower Parkway
                                        Suite 100
                                        Ann Arbor, MI 48108-3330
                                        (734) 418-4254

Dated:  May 25, 2017

# Ex. A

Received for Filing Oakland County Clerk 2017 APR 25 AM 08:00

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

**STATE OF MICHIGAN**
**IN THE SIXTH JUDICIAL CIRCUIT COURT FOR OAKLAND COUNTY**
**CIVIL DIVISION**

| | |
|---|---|
| **ABBIE L. GENAUTIS,** | Case No. 17 - 158439 - NO |
| Plaintiff, | Hon. JUDGE BOWMAN |
| v. | |
| **PHILIP T. SOBASH,** | |
| Defendant. | |

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**FARHAT & ASSOCIATES, PLLC**
By: Kyle James Bristow (P77200)
6053 Chase Rd.
Dearborn, MI 48126
(P): (313) 945-5100
(F): (313) 945-5716
(E): jbristow@saflegal.com
Attorney for Abbie L. Genautis

**PLAINTIFF'S VERIFIED COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

NOW COMES Abbie L. Genautis ("Plaintiff"), by and through her attorneys of Farhat & Associates, PLLC, and hereby propounds upon Philip T. Sobash ("Defendant") and this Honorable Court Plaintiff's Verified Complaint:

## I. INTRODUCTION

1. Plaintiff is suing Defendant for harming Plaintiff by engaging in misconduct constituting revenge pornography: Defendant distributed to one or more third-parties nude photographs and videos of Plaintiff without Plaintiff's permission, which are now on dozens of websites and will cause Plaintiff to suffer a lifetime of reputational injury and mental anguish.

## II. PARTIES

2. Plaintiff is an adult natural person who resides in City of Royal Oak, Oakland County, State of Michigan.

3. Defendant is an adult natural person who resides—upon information and belief—at the address commonly known as 519 Gervais St., Columbia, SC 29201.

## III. JURISDICTION AND VENUE

4. The Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves a dispute of over twenty-five thousand dollars ($25,000.00). Const 1963, art VI, § 13; MCL 600.605; MCL 600.8301(1); Hodge v State Farm Mut Auto Ins Co, 499 Mich 211; 884 NW2d 238 (2016).

5. This Court enjoys personal jurisdiction over Defendant because Defendant did and caused an act to be done in the State of Michigan resulting in the actions for tort alleged herein. MCL 600.705(2); Clapper v Freeman Marine Equip, Inc, Unpublished Opinion of the Michigan Court of Appeals Entered June 16, 2000 (Docket No. 211139) (SAAD, J., concurring) (providing an excellent overview of when courts can exercise limited personal jurisdiction over tortfeasors for Internet-related torts).

6. Venue is proper with this Court for the instant civil action because said civil action seeks damages for personal injury, Defendant does not reside in the State of Michigan, the original

injury occurred in Oakland County, State of Michigan, and Plaintiff resides in Oakland County, State of Michigan. MCL 600.1629(1)(b)(i); Yono v Carlson, 283 Mich App 567; 770 NW2d 420 (2005) (holding that the original injury occurs in the county where the plaintiff is located if the plaintiff suffers damages there, unless damages are presumed—such as in defamation per se cases, and in such cases, the original injury occurs in the county in which the tortious content was initially published to third-parties).

## IV. STATEMENT OF FACTS

7. Plaintiff and Defendant began an Internet-based dating relationship during the summer of 2015, and at all times relevant to the dating relationship and the allegations contained within this Complaint, Defendant had actual knowledge that Plaintiff is domiciled in the State of Michigan.

8. During Plaintiff's relationship with Defendant, Plaintiff sent to Defendant nude photographs and videos of herself, which Plaintiff took of herself.

9. During the winter of 2016, Plaintiff ended Plaintiff's relationship with Defendant.

10. The nude photographs and videos that Plaintiff took of herself and sent to Defendant were not sent to any third-parties by Plaintiff.

11. As the original creator of the nude photographs and videos that Plaintiff took of herself, Plaintiff exclusively enjoys copyrights in said works because Plaintiff never transferred Plaintiff's ownership interests in a signed and written document to Defendant or any third-party. 17 U.S.C. §§ 102(a)(5) and (6); 17 U.S.C. § 201(a); 17 U.S.C. § 204(a).

12. Defendant was never authorized by Plaintiff to share Plaintiff's nude photographs or videos with third-parties.

13. Defendant shared Plaintiff's nude photographs and videos with one or more third-parties.

14. Defendant—or someone to whom Defendant sent Plaintiff's nude photographs and videos without Plaintiff's permission—published Plaintiff's nude photographs and videos on multiple websites—some of which are notorious revenge pornography websites—without Plaintiff's permission.

15. A "revenge pornography website" is a website which permits and encourages users to anonymously submit women's nude photographs or videos for publication, which are then widely disseminated to third-parties without the consent of the subject of the photograph or video. Also called "involuntary pornography websites," revenge pornography websites acquire content from the former lovers of women, via computer network (i.e., Instagram account, email account, Google Cloud account, etc) hacking, or through theft of cellular phones or content on computer hard drives. Third-parties who view the content on revenge pornography websites often post offensively despicable remarks about victims in the public comment sections, and it is very common for said third-parties to sadistically forward the nude photographs and videos to the family, friends, and the employers of the revenge pornography victims.

16. During the spring of 2017, Plaintiff became aware of Plaintiff's nude photographs and videos being published on the Internet when multiple people who know Plaintiff contacted Plaintiff to alert Plaintiff to their publication.

17. Plaintiff's nude photographs and videos have been widely disseminated via the websites of Reddit, Twitter, Instagram, Tumblr, and Anon-IB—and dozens upon dozens of illicit pornography websites, many of which are based in foreign countries.

18. A number of the websites upon which Plaintiff's nude photographs and videos are published note that Plaintiff attended Oakland University, resides in the State of Michigan, and is a nurse who works at a hospital in the State of Michigan. Said identifiers were intentionally

4

published with Plaintiff's nude photographs and videos so that it would be easier for third-parties to harass Plaintiff in the State of Michigan.

19. Upon learning of the existence of Plaintiff's nude photographs and videos on the Internet, Plaintiff contacted Defendant via phone, electronic mail, and Snapchat to demand that Defendant remove Plaintiff's materials from the Internet and to cease republishing them. Defendant ignored Plaintiff's desperate pleas for help.

20. "Due to the nature of the Internet, removal of online images may be very difficult." The United States Attorneys' Bulletin. Revenge Porn: Can Victims Get Images Off the Internet? Vol. 64, No. 3. (May 2016). Due to many foreign-based pornography websites publishing Plaintiff's nude photographs and videos, it will be virtually impossible for Plaintiff to procure the complete removal of Plaintiff's nude photographs and videos from the Internet, and this will cause Plaintiff to suffer a lifetime of reputational injury and mental anguish.

21. The unrelenting and lifelong emotional trauma suffered by victims of revenge pornography is akin to the mental anguish suffered by victims of rape and child pornography. Bates, Samantha. Revenge Porn: A Qualitative Analysis of the Mental Health Effects of Revenge Porn on Female Survivors. University of Michigan (November 3, 2016).

22. There are "serious mental health implications" associated with revenge pornography, and victims oftentimes suffer job loss and "difficulty in gaining future employment." Mudasir Kamal, MD, and William J. Newman, MD. Revenge Pornography: Mental Health Implications and Related Legislation. J Am Acad Psychiatry Law 44:359-67 (2016).

23. Due to the wantonly depraved, callous, malicious, deceptive, and reckless harm committed against Plaintiff by Defendant, an award of exemplary damages against Defendant in Plaintiff's favor is justified.

24. Plaintiff suffered reputational injury due directly and proximately to Defendant's tortious conduct.

25. Plaintiff suffered mental anguish due directly and proximately to Defendant's tortious conduct, which includes but is not limited to discomfort, frustration, irritation, inconvenience, annoyance, anger, disgust, embarrassment, shame, humiliation, fear, crying spells, anxiety, depression, insomnia, outrage, indignation, insult, vexation, and utter contempt.

## V. CAUSES OF ACTION

### COUNT I
### COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

27. Defendant engaged in extreme and outrageous conduct against Plaintiff by disseminating to third-parties without Plaintiff's actual or constructive authorization photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts.

28. Defendant acted with intent or recklessly in perpetrating extreme and outrageous actions against Plaintiff.

29. Defendant's conduct was so outrageous and extreme that it went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

30. Due directly and proximately to the conduct of Defendant, Plaintiff has and will continue to suffer severe emotional distress.

31. Defendant is liable to Plaintiff for the common law tort of intentional infliction of emotional distress.

6

WHEREFORE, Plaintiff prays that this Court will: (1) enter judgment in Plaintiff's favor against Defendant in an amount that exceeds twenty-five thousand dollars ($25,000.00) for general, special, and exemplary damages; (2) award Plaintiff costs and reasonable attorney's fees Plaintiff incurred to bring forth and litigate the instant civil action; (3) award Plaintiff statutory interest on any money judgment rendered by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief as is warranted by law or equity.

## COUNT II
## COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

33. Defendant owed Plaintiff a duty of care; to wit: to not disseminate to third-parties without Plaintiff's actual or constructive authorization photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts

34. Defendant breached Defendant's duty of care to Plaintiff by disseminating to third-parties without Plaintiff's actual or constructive authorization photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts

35. Michigan and federal law proscribe the unauthorized dissemination of pornographic materials. MCL 750.145e; 18 U.S.C. § 2257.

36. Due directly and proximately to Defendant's conduct, Plaintiff has suffered emotional distress with physical manifestations.

37. Defendant is liable to Plaintiff for the common law tort of negligent infliction of emotional distress.

WHEREFORE, Plaintiff prays that this Court will: (1) enter judgment in Plaintiff's favor against Defendant in an amount that exceeds twenty-five thousand dollars ($25,000.00) for

Received for Filing Oakland County Clerk 2017 APR 25 AM 08:00

general, special, and exemplary damages; (2) award Plaintiff costs and reasonable attorney's fees Plaintiff incurred to bring forth and litigate the instant civil action; (3) award Plaintiff statutory interest on any money judgment rendered by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief as is warranted by law or equity.

## COUNT III
## COMMON LAW INVASION OF PRIVACY – DISCLOSURE OF PRIVATE EMBARRASSING MATERIALS

38. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

39. Plaintiff has a matter that is private to her; to wit: Plaintiff's genitals and sexual practices.

40. Plaintiff has a right to keep Plaintiff's private matter private.

41. Defendant disclosed Plaintiff's private matter by disseminating to third-parties without Plaintiff's actual or constructive authorization photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts.

42. The unauthorized disclose of photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts would be highly offensive to a reasonable person.

43. The photographs and/or videos depicting Plaintiff in a state of nudity and/or engaged in sexual acts is of no legitimate concern to the public.

44. Due directly and proximately to the conduct of Defendant, Plaintiff has and will continue to suffer damages.

45. Defendant is liable to Plaintiff for the common law tort of invasion of privacy-disclosure of embarrassing private materials.

WHEREFORE, Plaintiff prays that this Court will: (1) enter judgment in Plaintiff's favor against Defendant in an amount that exceeds twenty-five thousand dollars ($25,000.00) for general, special, and exemplary damages; (2) award Plaintiff costs and reasonable attorney's fees Plaintiff incurred to bring forth and litigate the instant civil action; (3) award Plaintiff statutory interest on any money judgment rendered by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief as is warranted by law or equity.

## COUNT IV
## STATUTORY DECLARATORY RELIEF

46. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

47. An actual and justiciable controversy exists between Plaintiff and Defendant.

48. The location of the controversy exists within the Court's jurisdiction.

49. A present adjudication of the controversy is necessary to guide Plaintiff's and Defendant's future conduct and to preserve legal rights.

50. Declaratory relief will avoid a multiplicity of actions at law or avoid potential conflicts between Plaintiff and Defendant in a related action.

51. This Court should decree that Defendant has no copyright interests in any of the photographs or videos that Plaintiff took of herself and sent to Defendant, and that as the photographer and videographer, respectively, Plaintiff exclusively enjoys copyrights in said works.

52. Plaintiff is entitled to an award of declaratory relief pursuant to MCR 2.605.

WHEREFORE, Plaintiff prays that this Court will enter judgment in Plaintiff's favor against Defendant by decreeing that (1) Defendant has no copyrights in any of the photographs or videos that Plaintiff took of herself and sent to Defendant, (2) Defendant has no right to

9

disseminate to third-parties photographs or videos that Plaintiff took of herself and sent to Defendant, and (3) Plaintiff enjoys exclusive copyrights in the photographs and videos that Plaintiff took of herself and sent to Defendant.

## COUNT V
## STATUTORY INJUNCTIVE RELIEF

53. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

54. Plaintiff has a likelihood of success on the merits of the claims raised within Plaintiff's Complaint.

55. Plaintiff will suffer irreparable injury if Plaintiff is not awarded injunctive relief.

56. The harm Plaintiff will suffer should an injunction not be granted in Plaintiff's favor outweighs the harm that Defendant will suffer if an injunction is granted.

57. Injunctive relief is in the public interest.

58. Justice requires that the Court grant Plaintiff injunctive relief.

59. This Court should order that Defendant must immediately destroy and not publish to third-parties to the instant civil action via any medium now known or to be invented any and all photographs or videos which depict Plaintiff in a partially or fully nude state or which depict Plaintiff in a sexual manner, and that Defendant must remove from the Internet any and all photographs or videos which depict Plaintiff in a partially or fully nude state or which depict Plaintiff in a sexual manner which Defendant published there.

60. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief against Defendant pursuant to MCR 3.310.

WHEREFORE, Plaintiff prays that the Court will grant Plaintiff temporary, preliminary, and permanent injunctive relief by ordering Defendant to immediately destroy and not publish to

Received for Filing Oakland County Clerk 2017 APR 25 AM 08:00

third-parties to the instant civil action via any medium now known or to be invented any and all photographs or videos which depict Plaintiff in a partially or fully nude state or which depict Plaintiff in a sexual manner, and that Defendant must remove from the Internet any and all photographs or videos which depict Plaintiff in a partially or fully nude state or which depict Plaintiff in a sexual manner which Defendant published there.

          Respectfully submitted,

          **FARHAT & ASSOCIATES, PLLC**

          /s/ Kyle James Bristow
          Kyle James Bristow (P77200)
          6053 Chase Rd.
          Dearborn, MI 48126
          (P): (313) 945-5100
          (F): (313) 945-5716
          (E): jbristow@saflegal.com
          Attorney for Abbie L. Genautis

Dated: April 25, 2017

## JURY TRIAL DEMAND

Pursuant to MCR 2.508(B)(1), Plaintiff hereby respectfully demands a trial by jury as to all triable issues of fact in the instant civil action.

Respectfully submitted,

**FARHAT & ASSOCIATES, PLLC**

/s/ Kyle James Bristow
Kyle James Bristow (P77200)
6053 Chase Rd.
Dearborn, MI 48126
(P): (313) 945-5100
(F): (313) 945-5716
(E): jbristow@saflegal.com
Attorney for Abbie L. Genautis

Dated: April 25, 2017

Received for Filing Oakland County Clerk 2017 APR 25 AM 08:00

## VERIFICATION

I declare that the statements above are true to the best of my information, knowledge, and belief. MCR 2.114(B)(2)(b).

*[signature]*
Abbie L. Genautis
*Plaintiff*

Dated: April 24, 2017

Received for Filing Oakland County Clerk 2017 APR 25 AM 08:00